Lawrence A. Organ (State Bar No. 175503)
Julianne K. Stanford (State Bar No. 290001)
Emily G. Kohlheim (State Bar No 342737)
CALIFORNIA CIVIL RIGHTS LAW GROUP
332 San Anselmo Avenue
San Anselmo, California 94960
Telephone:  (415) 453-4740
Facsimile:  (415) 785-7352
E-mail:  larry@civilrightsca.com
E-mail:  julianne@civilrightsca.com
E-mail:  emily@civilrightsca.com

Attorneys for Plaintiff
LINA RAK

Paul C. Minney (State Bar No. 166989)
William J. Trinkle (State Bar No. 102280)
Wendy A. Walker (State Bar No. 295877)
Kaela M. Haydu (State Bar No. 319112)
YOUNG, MINNEY & CORR, LLP
655 University Avenue, Suite 150
Sacramento, California 95825
Telephone:  (916)-646-1400
Facsimile:  (916)-646-1300
E-mail: pminney@ymclegal.com
E-mail: wjtrinkle@ymclegal.com
E-mail: wwalker@ymclegal.com
E-Mail: khaydu@ymclegal.com

Attorneys for Defendant
SAINT MARY'S COLLEGE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA RAK,<br><br>    Plaintiff,<br><br>    v.<br><br>SAINT MARY'S COLLEGE OF CALIFORNIA; and<br>DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 3:22-cv-7856<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        April 28, 2023<br>Time:        2:00 p.m.<br>Location:   Via Zoom Webinar<br>Judge:       Joseph C. Spero<br><br>Complaint Filed:   September 30, 2022<br>Trial Date:            None set |

Pursuant to this Court's Notice Setting Case Management Conference (Dkt. #14), the Standing Order for All Judges of the Northern District of California, Federal Rule of Civil Procedure 26(f), and the Northern District Civil Local Rules 169, Plaintiff LINA RAK ("Plaintiff") and Defendant SAINT MARY'S COLLEGE OF CALIFORNIA ("Defendant") submit the following Joint Case Management Statement.

## 1. JURISDICTION AND VENUE

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's federal causes of action. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over Plaintiff's state law claims. The amount in controversy in this matter exceeds the jurisdictional minimum of this Court. Venue is proper in this Court pursuant to California Government Code § 12965(a), because Defendant is located within Contra Costa County, California and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within Contra Costa County, California.

## 2. FACTS

*Plaintiff's Statement:*

Plaintiff is a childhood cancer survivor. The lifesaving treatment Plaintiff received left her with disabilities she lives with to this day, including without limitation hearing loss and partial facial paralysis. In her adolescence, Plaintiff took up rowing. She excelled, earning a spot on the Junior National Team. In or around Fall 2019, Saint Mary's College of California offered Plaintiff a partial scholarship and the coxswain position on the rowing team. Soon after she joined the team, the Coaches engaged in an ongoing pattern of disability discrimination against Plaintiff.

Head Coach Anna Pytlak and Assistant Coach Gulliver Scott refused to accommodate Plaintiff's disabilities. They would not use an electronic megaphone during most practices so she could hear their directions; instead, they berated Plaintiff for making "stupid mistakes," such as not telling her boat to row on time during practice, because she could not hear them. Head Coach Pytlak likewise would not accommodate Plaintiff's need for a mostly liquid diet during team snack breaks and meals, including during away tournaments, leaving Plaintiff to fend for herself or go hungry. The Coaches required Plaintiff to participate in a 5K race and a strenuous hike, despite

Plaintiff's restriction on running and other high-impact exercises. The hike caused Plaintiff to experience severe symptoms such as facial muscle spasms and slurred speech. Additionally, Head Coach Pytlak bullied Plaintiff, whose weight consistently remains around 100 pounds because of the effect her cancer treatment had on her pituitary gland, to gain weight ahead of races, even though the boat could meet the weight requirement with a sandbag provided by race officials. She pressured Plaintiff to overeat in front of her teammates, leading Plaintiff's teammates to similarly pressure Plaintiff. Unable to endure the discrimination any longer, Plaintiff resigned on October 10, 2021.

Head Coach Pytlak likewise bullied and discriminated against other female athletes, and consistently violated NCAA practice hours regulations, prompting Plaintiff and other female rowers to complain to the athletics department on multiple occasions between in or around 2019 and 2021. However, compliance staff and members of the senior leadership team within the athletics department did not investigate and remedy these complaints because the athletes who made them are female. The discriminatory treatment based on her disabilities, sex, and gender has caused and continues to cause Plaintiff damages.

*Defendants' Statement:*

Defendant denies any and all wrongdoing alleged by Plaintiff. Defendant acted in all ways towards Plaintiff in compliance with Federal and State laws regarding disabilities, sex and gender. Complaints received from Plaintiff were investigated by Defendant, as appropriate and required. Defendant maintains and follows its policies and procedures and observes all Federal and State laws. Defendant further denies that Plaintiff has been damaged in any sum or amount whatsoever and denies that Plaintiff is entitled to any damages in any sum or amount whatsoever. Defendant further denies that Plaintiff is entitled to declaratory and injunctive relief, statutory penalties, compensatory damages, interest, attorneys' fees or costs, or any other form of legal or equitable relief whatsoever as she has not suffered any damages by reason of any act or omission on Defendant's part.

3. **LEGAL ISSUES**

*Plaintiff's Statement:*

Plaintiff contends that the legal issues in this matter include, without limitation:

(i) Whether Defendant discriminated against Plaintiff because of her disabilities in violation of 29 U.S.C. § 794;

(ii) Whether Defendant discriminated against Plaintiff because of her disabilities in violation of California Education Code § 66270;

(iii) Whether Defendant discriminated against Plaintiff because of her disabilities in violation of California Government Code § 11135(a);

(iv) Whether Defendant discriminated against Plaintiff because of her sex in violation of 20 U.S.C. §1681(a);

(v) Whether Defendant discriminated against Plaintiff because of her gender in violation of California Education Code § 66270;

(vi) Whether Defendant discriminated against Plaintiff because of her sex in violation of California Government Code § 11135(a);

(vii) Whether Plaintiff has incurred compensatory and/or general damages; and

(viii) Whether Defendant is liable for punitive damages.

***Defendants' Statement:***

Legal issues include, without limitation:

(i) Plaintiff's Complaint fails to allege facts sufficient to state a claim and must therefore be dismissed.

(ii) Plaintiff's attempt to characterize Defendant's internal decisions made as discriminatory is false and conclusory.

(iii) Plaintiff's Complaint fails to allege any facts demonstrating deliberate indifference by Defendant towards Plaintiff.

(iv) Plaintiff's Complaint fails to allege Defendant had knowledge of any acts of harassment or discrimination.

(v) Defendant did not discriminate against, harass, or retaliate against Plaintiff or otherwise treat her in any manner in violation of law or any established public policy.

|   |   |   |
|---|---|---|
| 1 | (vi) | Any and all decisions made by Defendant regarding Plaintiff were based on reasonable, lawful, and non-discriminatory or retaliatory factors, undertaken for fair and honest reasons comporting with good faith under the circumstances then existing. |
| | (vii) | Defendant exercised reasonable care to prevent and/or promptly correct any alleged inappropriate behavior and/or conduct, but Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant or to avoid harm otherwise. |
| | (viii) | Plaintiff has failed to mitigate damages and, to the extent of such failure, any damages awarded to Plaintiff should be reduced accordingly. |
| | (ix) | Plaintiff's claim for punitive damages is barred in that she has failed to plead facts sufficient to support allegations of malice, oppression, or fraud, or of any ratification of any such acts by Defendant. In addition, the claim is barred by Defendant's good faith efforts to comply with all applicable laws. |
| | (x) | Plaintiff's claims are barred in whole or in part because, to the extent any accommodation(s) were required, Plaintiff was accommodated to the extent reasonable and/or it would have created an undue hardship to accommodate her asserted disability. Plaintiff failed to engage in the interactive process. Further, the accommodations requested by Plaintiff were/are unreasonable. |

**4. MOTIONS**

No motions have been filed. Defendant is considering whether a motion for judgment on the pleadings under Fed. Rule C. Procedure 12(c) is appropriate. Further, Defendant intends to file a motion seeking an independent mental examination pursuant to Fed. Rule C. Procedure 35, to the extent Plaintiff does not stipulate to same.

**5. AMENDMENT OF PLEADINGS**

At this time neither party anticipates amending the pleadings.

**6. EVIDENCE PRESERVATION**

The Parties have taken affirmative steps as necessary to preserve evidence related to the

issues presented by the action.  All attorneys of record have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information for the Northern District of California.

### 7. DISCLOSURES

The Parties agreed to exchange initial disclosures on May 1, 2023.

### 8. DISCOVERY

#### a. Discovery Taken to Date and Scope of Anticipated Discovery

No discovery has been taken to date.

*Plaintiff's Statement:* Plaintiff intends to undertake the following types of discovery, focusing on those issues identified in sections 2 and 3 above, to the extent allowed by the Federal Rules of Civil Procedure:

   (i)     Propound interrogatories, requests for production of documents and things, requests for admission, etc.;

   (ii)    Depose the parties and certain third-party witnesses; and

   (iii)   Third-party discovery, including subpoenas for documents and inspection.

*Defendants' Statement:* Defendant intends to undertake the following types of discovery, to the extent allowed by the Federal Rules of Civil Procedure:

   (i.)    Propound interrogatories, requests for production of documents and things, requests for admission, etc.;

   (ii.)   Depose the parties and certain third-party witnesses; and

   (iii.)  Third-party discovery, including subpoenas for documents and inspection.

#### b. Limitations on Discovery

The Parties do not believe it is necessary to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules at this time.

#### c. Any Other [Proposed] Orders Under Rule 26(c) or 16(b)

The Parties do not believe it is necessary for the Court to issue any other orders under Rule 26(c) or 16(b) at this time.

#### d. Discovery Disputes

There are no discovery disputes presently pending between the Parties.

### 9. CLASS ACTIONS

Not applicable. This is not a class action.

### 10. RELATED CASES

There are no related cases.

### 11. RELIEF SOUGHT

*Plaintiff's Statement:* Plaintiff seeks all categories of damages, including compensatory damages, punitive damages, attorneys' fees, civil penalties, interest as provided by law, and injunctive relief to require Defendant to develop and implement policies that effectively remedy disability, sex, and gender discrimination.

*Defendants' Statement:* Defendant prays for judgment on the Complaint and against Plaintiff as follows: 1. That Plaintiff take nothing by her Complaint against Defendant, and that judgment be entered in favor of Defendant on each of Plaintiff's causes of action; 2. That Defendant recovers the costs of suit herein; 3. That Defendant be awarded reasonable attorneys' fees; and 4. For such other and further relief as this Court deems just and proper.

### 12. SETTLEMENT AND ADR

The parties are amenable to participating in a settlement conference before a Magistrate Judge.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to a Magistrate Judge for all purposes.

### 14. OTHER REFERENCES

The parties do not believe this case is suitable for reference.

### 15. NARROWING OF ISSUES

At this time, the Parties have not identified any issues that can be narrowed by agreement or by motion.

### 16. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this is the type of case that can be handled under the Court's Expedited Trial Procedure.

### 17. SCHEDULING

*Plaintiff* proposes the following schedule in accordance with this Court's standing orders:

  a. Trial: April 15, 2024

  b. Pretrial Conference: March 22, 2024

  c. Joint Trial Readiness Binder Due: March 22, 2024

  d. Motions in Limine Due: March 1, 2024

The parties propose the following schedule in accordance with this Court's standing orders:

  a. Trial: July 15, 2024

  b. Pretrial Conference: June 24, 2024

  c. Joint Trial Readiness Binder Due: June 24, 2024

  d. Motions in Limine Due: June 24, 2024

| MATTER | REQUESTED DATE |
|---|---|
| Trial | July 15, 2024 |
| Pretrial Conference ("PTC") | June 24, 2024 |
| Joint Pretrial Readiness Binder | June 24, 2024 |
| Joint Pretrial Conference Statement | June 17, 2024 |
| Trial Council to Meet and Confer Regarding Pretrial Conference Statement | June 10, 2024 |
| Exchange Motions in Limine | June 3, 2024 |
| File Unresolved Motions in Limine | July 1, 2024 |
| File Oppositions to Motions in Limine | June 24, 2024 |
| Chambers Copies of Motions in Limine | June 26, 2024 |
| Exchange Trial Exhibits and Audio/Video Evidence | June 3, 2024 |
| Dispositive Motion & Daubert Motion Hearing Deadline | June 24, 2024 |
| Last day to file dispositive & *Daubert* motions | May 24, 2024 |
| Fact Discovery Closed | April 15, 2024 |

| Initial Expert Disclosure | April 15, 2024 |
|---|---|
| Rebuttal Expert Disclosure | May 13, 2024 |
| Expert Discovery Closed | May 30, 2024 |

## 18. TRIAL

The parties request a trial by jury. The parties expect trial of this matter to last five to seven days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

*Defendants' Statement:* Defendants filed their Certification of Interested Entities or Persons on December 20, 2022.

## 20. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

At this time, the Parties have not identified any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: April 21, 2023                                CALIFORNIA CIVIL RIGHTS LAW GROUP


By:   /s/ Emily Kohlheim
      Lawrence A. Organ
      Julianne K. Stanford
      Emily G. Kohlheim
      Attorneys for Plaintiff
      LINA RAK

Dated: April 21, 2023                                YOUNG, MINNEY & CORR, LLP


By:   /s/ Wendy Walker
      William J. Trinkle
      Wendy A. Walker
      Kaela M. Haydu
      Attorneys for Defendant
      SAINT MARY'S COLLEGE OF
      CALIFORNIA

4860-5035-5550, v. 1